UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LORRAINE WETZEL,

                              Plaintiff,

                -against-

TOWN OF ORANGETOWN,

                            Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

06 Civ. 15190 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Lorraine Wetzel is a police lieutenant employed by defendant Town of Orangetown.  In or about September 2004, defendant served plaintiff with disciplinary charges.  Plaintiff's disciplinary hearing commenced on July 11, 2006 and continued on August 4, 2006, September 6, 2006, September 8, 2006, September 14, 2006, September 20, 2006, October 17, 2006, October 18, 2006 and November 1, 2006.  On or about December 14, 2006, plaintiff filed the instant action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, ("FLSA"), the New York State Labor Law and the Collective Bargaining Agreement between the Town of Orangetown and the Orangetown Policemen's Benevolent Association ("CBA").  Specifically, plaintiff alleges that defendant improperly denied her wages, overtime and a meal allowance for the time she spent preparing a defense to the disciplinary charges and attending the disciplinary hearing.  Plaintiff also alleges that defendant refused to pay the wages of the co-workers whom plaintiff called to testify, and asserts an FLSA claim for injunctive relief on their behalf.  Presently before this Court is defendant's motion to dismiss for

failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons that follow, I respectfully recommend that defendant's motion should be granted in part and denied in part.

## I. RULE 12(b)(6) STANDARD OF REVIEW

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Further, for purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

## II. NEW YORK STATE LABOR LAW CLAIM

Plaintiff asserts a pendant claim under the wage and overtime provisions of the New York State Labor Law. However, the New York State Minimum Wage Act

excludes from coverage those people employed "by a federal, state or municipal government or political subdivision thereof." N.Y. Labor Law § 651(5)(n). Plaintiff is employed by the Town of Orangetown, which is undeniably a municipal government; thus, plaintiff is not an employee covered by the overtime requirements of the New York Labor Law. Accordingly, I respectfully recommend that defendant's motion to dismiss plaintiff's New York State Labor Law claim must be granted.

### III. FLSA CLAIM ON BEHALF OF COWORKERS

Plaintiff's third cause of action asserts a claim for injunctive relief on behalf of her co-workers, who allegedly were not paid for the time they spent testifying at her disciplinary hearing. Plaintiff alleges that she is authorized to assert said claim pursuant to FLSA § 217. However, only the Secretary of Labor is authorized to seek injunctive relief under the FLSA. See 29 U.S.C. §§ 211(a), 217; see also Mulverhill v. New York, No. 87-CV-853, 91-CV-1282, 1997 WL 394817, at *8 (N.D.N.Y. July 11, 1997). Accordingly, I respectfully recommend that defendant's motion to dismiss plaintiff's third cause of action must be granted.

### IV. PLAINTIFF'S FLSA CLAIM

Plaintiff claims that defendant improperly denied her compensation owed pursuant to the FLSA for the time she spent preparing a defense to the disciplinary charges and attending the disciplinary hearing. Defendant asserts that said claim should be dismissed because the FLSA does not require defendant to compensate plaintiff for her time spent in conjunction with the disciplinary hearing.

3

The FLSA requires employers to pay employees a minimum wage for hours worked, and not less than one and one-half times the regular hourly rate for hours worked in excess of forty hours per week. See 29 U.S.C. §§ 206(a)(1), 207(a)(1). For purposes of these requirements, work is defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." See Holzapfel v. Town of Newburgh, 145 F.3d 516, 522 (2d Cir. 1998).

In the first instance, it seems apparent that disciplinary proceedings are conducted necessarily and primarily for the benefit of the employer. Further, plaintiff alleges that her attendance at the disciplinary hearing was a necessary part of her employment, i.e. that she was required to attend. Moreover, although the FLSA does not specifically address compensation for attendance at disciplinary hearings, the regulations state that "[a]ttendance at lectures, meetings, training programs and similar activities" constitutes working time if attendance is not, in fact, voluntary. See 29 C.F.R. § 785.27. Pursuant to the regulations, "[a]ttendance is not voluntary, of course, if is required by the employer. It is not voluntary in fact if the employee is given to understand or led to believe that his present working conditions or the continuance of his employment would be adversely affected by nonattendance." See 29 C.F.R. § 785.28. It stands to reason that an employee who fails to attend a disciplinary hearing will likely be subjected to the adverse effects of disciplinary measures. In sum, plaintiff has alleged sufficient facts which, taken as true, establish that the FLSA requires compensation for the time plaintiff spent attending the disciplinary hearing.

On the other hand, plaintiff is not entitled to compensation under the FLSA for time she spent preparing for the hearing. Defendant did not require plaintiff to prepare for the hearing, nor did it control the manner in which plaintiff devoted time for this purpose. Plaintiff's preparation time was primarily in her own interest and for her own benefit, even if the Town stood to benefit by obtaining evidence regarding the disciplinary allegations. See Debraska v. City of Milwaukee, 189 F.3d 650, 652 (7th Cir. 1999). Further, plaintiff's preparation time is analogous to the "preliminary" activities excluded from compensable working hours by the Portal-to-Portal Act of 1947. See 29 U.S.C. §§ 251-262. Specifically, the Portal-to-Portal Act relieves employers of the requirement of compensating employees for "activities which are preliminary to or postliminary to [the principal activities which such employee is employed to perform], which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." See 29 U.S.C. § 254(a)(2). Accordingly, I respectfully recommend that defendant's motion to dismiss plaintiff's FLSA claim for wages and overtime should be denied as to the time plaintiff spent attending the hearing, and granted with respect to plaintiff's preparation time.

## V. CONTRACTUAL BENEFITS CLAIM

Plaintiff also alleges that she is entitled to a meal allowance under the CBA in conjunction with her attendance at the disciplinary hearing. Defendant admits that the CBA entitles plaintiff to "a meal allowance of five dollars ($5.00) for each four hours of overtime worked." Nonetheless, defendant contends that plaintiff is not entitled to a

meal allowance because her FLSA claim for overtime fails. Contrary to defendant's contention, however, as discussed above, plaintiff has sufficiently alleged an FLSA claim for wages and overtime with respect to the time she spent attending the disciplinary hearing. Accordingly, I respectfully recommend that defendant's motion to dismiss plaintiff's CBA claim should be denied.

## VI. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend: (1) that **defendant's motion to dismiss should be granted in part and denied in part**, and (2) that plaintiff's New York State Labor Law claim, her FLSA claim for injunctive relief and her FLSA claim with respect to her disciplinary hearing preparation time should be dismissed.

## VII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and FRCP Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court,

chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable STEPHEN C. ROBINSON and not to the undersigned.

Dated: March 19, 2008
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.