UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LORRAINE WETZEL,

        Plaintiff,

    v.

TOWN OF ORANGETOWN,

        Defendant.

06 Civ. 15190 (SCR) (GAY)

MEMORANDUM ORDER
ADOPTING REPORT &
RECOMMENDATION

---

**STEPHEN C. ROBINSON, United States District Judge.**

Lorraine Wetzel commenced this action against the Town of Orangetown (the "Town") seeking redress for alleged violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., the New York state labor laws, and the collective bargaining agreement ("CBA") in effect between the Town and the Police Benevolent Association. Before this Court is the Town's objections to the Report and Recommendation ("R&R") issued on March 19, 2008, by Magistrate Judge George A. Yanthis recommending that the Town's motion to dismiss be granted in part and denied in part. For the following reasons, the Court adopts Judge Yanthis' recommendation.

I

BACKGROUND

In September 2004, while Ms. Wetzel was a sergeant with the Town's police department, the Town instituted two departmental disciplinary charges against her. The disciplinary hearing in connection with one set of these charges began on July 11, 2006, and continued for eight non-consecutive days—on August 4, 2006, September 6, 2006, September 8, 2006, September 14,

2006, September 20, 2006, October 17, 2006, October 18, 2006, and November 1, 2006. Ms. Wetzel contends that the Town denied her wages, overtime, and meal allowances during the time that she spent preparing a defense to these disciplinary charges and attending the disciplinary hearing.[1]

The Town moved to dismiss Ms. Wetzel's Complaint, and that motion was referred to Magistrate Judge George A. Yanthis. Judge Yanthis has recommended that the Town's motion to dismiss be granted in part and denied in part. Judge Yanthis recommended that this Court grant the Town's motion to dismiss Ms. Wetzel's New York state labor law claim and her claim for injunctive relief on behalf of co-workers who similarly were not paid for the time that they spent testifying at her disciplinary hearing.[2] With respect to Ms. Wetzel's claims under the FLSA and the CBA, Judge Yanthis recommended that this Court deny the Town's motion to dismiss only to the extent that it sought dismissal of Ms. Wetzel's claim for wages for time that she spent attending the disciplinary hearing.[3]

Judge Yanthis explained that, under the FLSA, employers must pay employees not less than one and one-half times the regular hourly rate for hours worked in excess of forty hours per week. Work is defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Report and Recommendation at 4 (citing *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 522 (2d Cir. 1998)). Disciplinary proceedings, Judge Yanthis explained, are conducted necessarily and primarily for the benefit of the employer. Disciplinary

---

[1] The Town contends that Ms. Wetzel was paid wages for her attendance at the disciplinary hearing whenever the hearing ran into her scheduled work shift. It appears that this compensation, however, occurred through the application of Ms. Wetzel's already accumulated vacation time.

[2] In light of these recommendations, Ms. Wetzel has withdrawn these claims.

[3] With respect to Ms. Wetzel's claim for wages for time spent *preparing* for the disciplinary hearing, however, Judge Yanthis recommended that the Town's motion to dismiss be granted. Ms. Wetzel has not objected to this portion of Judge Yanthis' recommendation.

06 Civ. 15190 (SCR) (GAY)                                                                                           3

hearings, moreover, are analogous to training programs, which under 29 C.F.R. § 785.27 are compensable work if attendance, in fact, is not voluntary. Under the regulations,

> attendance at lectures, meeting, training programs and similar activities need not be counted as working time if the following four criteria are met:
> (a) Attendance is outside of the employee's regular working hours;
> (b) Attendance is in fact voluntary;
> (c) The course, lecture, or meeting is not directly related to the employee's job; and
> (d) The employee does not perform any productive work during such attendance.

29 C.F.R. § 785.28. In this context, voluntary is understood in a realistic and pragmatic manner: Attendance "is not voluntary in fact if the employee is given to understand or led to believe that his present working conditions or the continuance of his employment would be adversely affected by nonattendance." 29 C.F.R. § 785.28. Given these regulations, Judge Yanthis concluded, and recommended that this Court conclude, that Ms. Wetzel's attendance at the disciplinary hearing was not voluntary.[4]

## II

## DISCUSSION

### A. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C §636(b)(1)(C). To accept a Report and Recommendation to which no timely objection has been made, a district court need only satisfy itself that "there is no clear error on the face of

---

[4] On the other hand, Judge Yanthis wrote, Ms. Wetzel's preparation for the disciplinary was voluntary. The Town did not require her to prepare for the hearing and such preparations were analogous to preliminary or postliminary activities, which under the Portal-to-Portal Act are not compensable of right.
  With respect to Ms. Wetzel's contract claim under the CBA, Judge Yanthis concluded that this claim must survive to the extent that FLSA claim survived.

the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). A party may file "specific written objections," FED. R. CIV. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a de novo determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. 636(b)(1); *Grassia v. Scull*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"—was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id.* Moreover, "[t]o the extent . . . that the party makes only conclusory or general objections, *or simply reiterates the original arguments*, the Court will review the Report strictly for clear error." *Harden v. LaClaire*, No. 07 Civ. 4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008) (emphasis supplied) (collecting cases).

## B. The Town's Objections to the R&R

The Town objects to Judge Yanthis' conclusion that the disciplinary hearing conducted in this case was necessarily and primarily for the benefit of the employer. Additionally, the Town explains, Ms. Wetzel was not required, directed, or ordered to attend the hearing. The Town also contends that 29 C.F.R. § 785.42, as opposed to 29 C.F.R. §§ 785.27, 785.28 (defining voluntary in the context of lectures, meeting, training programs and similar activities), is the more appropriate regulation under which to analyze Ms. Wetzel's claim. Under that section, "[t]ime spent in adjusting grievances between an employer and employees during the time the employees

are required to be on the premises is hours worked . . . ." Because Ms. Wetzel was paid wages—through the use of vacation time, it appears—for her attendance at the disciplinary hearing whenever the hearing ran into her scheduled work shift, her claim fails as a matter of law under section 785.42. In addition, the Town submits that, if Ms. Wetzel's claim is analyzed under section 785.42, she is essentially seeking a second bite at the apple because she already filed a grievance (which the PBA has submitted to arbitration) under the CBA requesting compensation for time spent at the disciplinary hearing.

The Court agrees with Judge Yanthis' conclusion that dismissal is inappropriate at this early stage of the litigation. Ms. Wetzel's Complaint states that her "attendance at the disciplinary trial was a necessary part of her public employment" and that the "Town has a public interest in supervising the proper performance of its employees, including ascertaining when discipline is required, and when it is not required or appropriate." Complaint ¶¶ 34-35. These allegations certainly are plausible, *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), for, as Judge Yanthis noted, the benefit of such disciplinary hearings redound primarily to the employer, who benefits from the correction of the employee's negative conduct or performance and from the perception of fairness in the workplace.

The Town claims that Ms. Wetzel was not required, directed, or ordered to attend the hearing. The regulations defining whether attendance at such activities is voluntary, however, are not so formalistic. At minimum, discovery is required in this case to determine whether Ms. Wetzel was "given to understand or led to believe that h[er] . . . working conditions or the continuance of h[er] employment would [have] be[en] adversely affected by nonattendance" of the disciplinary hearing. 29 C.F.R. § 785.28.

Even if the case is analyzed under the Town's preferred regulation, 29 C.F.R. § 785.42—a determination that this Court need not make at this early stage in the proceedings—this Court cannot sustain the Town's objection to the R&R. Under section 785.42, "[t]ime spent in adjusting grievances between an employer and employees during the time the employees are required to be on the premises is hours worked . . . ." As Ms. Wetzel notes, however, she was paid wages through the application of vacation time. The Town, in turn, submits that because Ms. Wetzel was paid—irrespective of whether vacation time was used—she cannot maintain an FLSA claim. Instead, it claims that she must pursue a grievance through the procedures established by the CBA. Although the Court would welcome further briefing on this issue at the summary judgment stage, at this point in the litigation, it is unclear that an employer can circumvent the FLSA by slicing and dicing an employee's compensation as it sees fit and with impunity.

The Town argues that this would be Ms. Wetzel's second bite at the apple because she already has filed a grievance under the CBA requesting compensation for time spent at the disciplinary hearing.[5] The Court also notes that the Town has not submitted any authority for the proposition that the wage provisions set forth in the FLSA are waiveable or that an employee cannot file suit in federal court seeking redress for FLSA violations if the employee also files a grievance. *Cf. Rogers v. City of Troy, New York*, 148 F.3d 52, 57 (1998) ("Indeed, to link the statutory obligations under the FLSA to the parties' collective bargaining agreement would be contrary to the whole thrust of the statute . . . . The FLSA sets a national 'floor' in terms of working conditions, in order to protect workers from the substandard wages and excessive hours that might otherwise result from the free market.").

---

[5] As far as this Court is aware, no arbitral decision has been issued in connection with this grievance. Should Ms. Wetzel's suit ultimately succeed, of course, the Town may be entitled to request a reduction of damages for any amount Ms. Wetzel recovers through the already filed grievance.

## Conclusion

After considering the Town's objections to, and arguments against, Judge Yanthis' comprehensive and well-reasoned R&R, this Court has determined that the Town's arguments are without merit. Those portions of the R&R to which neither party objects do not suffer from any clear error. The Court therefore adopts the R&R.

The Clerk of the Court is directed to close docket entry number 21.

*It is so ordered.*

Dated: March 16, 2009

White Plains, New York

Stephen C. Robinson
United States District Judge