UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
LORRAINE WETZEL,                        :    06 Civ. 15190 (LAP)
                                        :
                  Plaintiff,            :    MEMORANDUM & ORDER
                                        :
        -against-                       :
                                        :
TOWN OF ORANGETOWN,                     :
                                        :
                  Defendant.            :
---------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/13

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff Lorraine Wetzel ("Plaintiff") commenced this action against the Town of Orangetown ("Defendant" or "Town") seeking wages and meal allowances for the time spent at her disciplinary hearing pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the collective bargaining agreement ("CBA") in effect between the Town and the Police Benevolent Association.[1] The Court gave permission for the parties to move for summary judgment after the completion of discovery. [Dkt. No. 28.] Both Plaintiff and Defendant have moved for summary judgment. For the following reasons, Plaintiff's motion for summary judgment [dkt. no. 34] is DENIED,

---

[1] In a Memorandum and Order Adopting the Report and Recommendation of Magistrate Judge Yanthis on March 16, 2009, Judge Robinson granted Defendant's motion to dismiss as to Plaintiff's New York state labor law claim, her claim for injunctive relief on behalf of co-workers, and her claim for wages for the time spent preparing for the disciplinary hearing. [Dkt. No. 25.]

and Defendant's motion for summary judgment [dkt. no. 36] is GRANTED.

I.  BACKGROUND

1. <u>Plaintiff's Disciplinary Hearing</u>[2]

Plaintiff is employed as a police officer by the Town of Orangetown Police Department, holding the rank of lieutenant. (Pl. 56.1 Stmt. ¶ 1.1.)  In 2004, the Town initiated disciplinary charges against Plaintiff, and a disciplinary hearing in connection with those charges began on July 11, 2006, and continued over nine non-consecutive days, concluding on November 1, 2006.  (Pl. 56.1 Stmt. ¶ 1.4; Def. 56.1 Stmt. ¶ 1.)

Plaintiff attended each day of the disciplinary hearing. (Pl. 56.1 Stmt. ¶ 1.15.)  Plaintiff was scheduled to work during part of the hearing dates of July 11, August 4, September 20, October 17, October 18, and November 1.  (Def. 56.1 Stmt. ¶¶ 3, 5.)  During those shifts, the Department made arrangements for another administrative officer to cover Plaintiff's duties.

---

[2] The following facts are taken from those undisputed portions of Plaintiff's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 in Support of Plaintiff's Motion for Summary Judgment ("Pl. 56.1 Stmt."), Defendant's Counter Statement to Plaintiff's Statement Pursuant to Local Civil Rule 56.1 in Support of Plaintiff's Motion for Summary Judgment ("Def. 56.1 Resp."), Defendant's Rule 56.1 Statement in Support of Defendant's Cross-Motion for Summary Judgment ("Def. 56.1 Stmt."), Plaintiff's Response and Counter-Statement of Facts to Defendant's Rule 56.1 Statement Support of Defendant's Cross-Motion for Summary Judgment ("Pl. 56.1 Resp.") and all accompanying declarations and exhibits.

(Id. ¶ 7.)  Two hearing dates occurred on days when Plaintiff was not scheduled to work.  (Id. ¶ 8.)

The Chief of Police presented the case against Plaintiff through one witness and rested on the second day of the hearing.  (Def. 56.1 Stmt. ¶ 9.)  Plaintiff presented her defense over the remaining seven and a half days and elicited the testimony of nine witnesses.  (Id.)  Plaintiff was not explicitly directed or required to be present at her disciplinary hearing.  (Id. ¶ 11.)  For the duration of the hearing, when her attendance was during her regular work shift, Plaintiff's vacation days were docked.  (Pl. 56.1 Stmt. ¶ 1.6.)  In 2007, the Town Board found Plaintiff guilty of all but two charges and imposed a 10-day suspension without pay as the penalty.  (Def. 56.1 Stmt. ¶ 20.)

### 2. Motion to Dismiss

On March 19, 2008, Magistrate Judge Yanthis filed a Report and Recommendation as to the determination of Defendant's motion to dismiss Plaintiff's amended complaint.  [Dkt. No. 22 ("R&R").]  After recommending the dismissal of several of Plaintiff's claims, including her New York Labor Law claim and the FLSA claim on behalf of her co-workers, Judge Yanthis discussed Plaintiff's FLSA claim for wages.  Judge Yanthis ultimately determined that although Plaintiff could not state a claim for wages for the time she spent preparing for the hearing, the wages for the time spent attending the hearings

were plausibly compensable.  (Id. at 4-5.)  Judge Yanthis determined that although Plaintiff was not required to attend the disciplinary hearing, "[i]t stands to reason that an employee who fails to attend a disciplinary hearing will likely be subjected to the adverse effects of disciplinary measures," thus resulting in non-voluntary and compensable attendance under the FLSA.  (Id. at 4; see infra Part II.2.)  Judge Yanthis also declined to dismiss Plaintiff's CBA claim for meal allowances.  (Id. at 5-6.)

On March 16, 2009, Judge Robinson adopted the Report and Recommendation in full.  [Dkt. No. 25 ("Opinion").]  As to whether or not attendance at Plaintiff's disciplinary hearing was voluntary or compensable under the FLSA, Judge Robinson determined that because the "regulations defining whether attendance at such activities is voluntary . . . are not so formalistic[,] [a]t minimum, discovery is required in this case to determine whether Ms. Wetzel was 'given to understand or led to believe that h[er] . . . working conditions or the continuance of h[er] employment would [have] be[en] adversely affected by nonattendance.'"  (Id. at 5 (quoting 29 C.F.R. § 785.28).)

Judge Robinson also addressed the Town's objection to Plaintiff's pursuing both her FLSA claim in federal court and her grievance filed under the CBA in effect between the Town and

4

the Police Benevolent Association. The Town had insisted, as it does on summary judgment, that Plaintiff was in fact compensated during the time of her hearing and, therefore, she had no FLSA claim and must go forward only through the administrative process. Judge Robinson determined that docking vacation time instead of directly withholding pay does not allow an employer to avoid the FLSA. (Id. at 6.) Further, Judge Robinson noted that Defendant had failed to submit authority for the proposition that the wage provisions set forth in the FLSA are waiveable or that the employee may not both file a grievance and file a federal claim under the FLSA. (Id.)

II. DISCUSSION

    1. Legal Standard

A moving party is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and the admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [the party is] entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also

5

Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004).

In assessing whether summary judgment is proper, the Court construes the evidence in the light most favorable to the non-moving party. Lucente v. IBM Corp., 310 F.3d 243, 253 (2d Cir. 2002). "When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other. . . . 'Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (citations omitted).

### 2. Compensable Work under the FLSA

Plaintiff seeks wages for the time she spent at her disciplinary hearing pursuant to the FLSA provision that requires employers to pay employees a minimum wage for hours worked. 29 U.S.C. § 206. Under the FLSA, work has been defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." See, e.g., Holzapfel v. Town of Newburgh, 145 F.3d 516, 522 (2d Cir. 1998).

6

Neither the FLSA nor any controlling case law of which this Court is aware addresses whether hours spent attending disciplinary hearings are considered compensable work under the FLSA. To Judge Yanthis "it seem[ed] apparent that disciplinary proceedings are conducted necessarily and primarily for the benefit of the employer." (R&R at 4.) Judge Robinson agreed, noting that "the benefit of such disciplinary hearings redound primarily to the employer, who benefits from the correction of the employee's negative conduct or performance and from the perception of fairness in the workplace." (Opinion at 5.) Judge Robinson did acknowledge that the definition of "voluntary" attendance under the regulations is a case-by-case determination, noting that "at minimum" the parties should be able to flesh out through discovery whether or not Plaintiff was "'given to understand or led to believe that [h]er . . . working conditions or the continuance of h[er] employment would [have] be[en] adversely affected by nonattendance.'" (Id. (quoting 29 C.F.R. § 785.28).)

On summary judgment, Plaintiff does not dispute that she was not required to attend her hearing by anyone from the Town or the Police Department. (Def. 56.1 Stmt. ¶ 11; Pl. 56.1 Resp. ¶ 11). However, although there is no indication in discovery that the Town made it explicitly understood to Plaintiff that she should attend, the Court agrees with the inclination of both

7

Judge Yanthis and Judge Robinson that disciplinary hearings of this nature are conducted primarily for the benefit of the employer. Correcting the behavior of employees provides the employer the benefit of improved work performance, and the procedures in place to address disciplinary infractions promote the integrity and perception of fairness in the workplace. The Court also acknowledges that although Plaintiff was not required to be present at her disciplinary hearing, because the result of such a hearing is often, and was in this case, the imposition of work-related penalties, it is clear that Plaintiff did reasonably understand that her "working conditions or the continuance of h[er] employment would [have] be[en] adversely affected by nonattendance." 29 C.F.R. § 785.28.

Although there is a dearth of case law on point in this Circuit, the Court finds persuasive the discussion on disciplinary hearings in DeBraska v. City of Milwaukee, 189 F.3d 650 (7th Cir. 1999), a case to which Judge Yanthis also cited. DeBraska held that hours spent attending a preliminary, informal hearing were not compensable under the FLSA but in dicta analyzed whether time spent at a formal hearing at which penalties may be imposed at its conclusion would be compensable by examining 29 C.F.R. § 785.42. 189 F.3d at 652. This regulation states that time spent "adjusting grievances between an employer and employees during the time the employees are

8

required to be on the premises is hours worked" under the FLSA. 29 C.F.R. § 785.42. The <u>DeBraska</u> court, as well as the defendant in that case, conceded that a formal hearing would be considered work under this framework. 189 F.3d at 652. The Court agrees that "adjusting grievances" is the most analogous provision in the FLSA to attending disciplinary hearings. However, the Court also interprets this regulation to impose the requirement of compensation only to those hearing hours that were scheduled during the employee's regular shift. 29 C.F.R. § 785.42; <u>see</u> <u>also</u> <u>DeBraska</u>, 189 F.3d at 652 (not concluding whether or not the regulation is limited to time spent during the employee's regular shift, but noting that "some of its language suggests[] § 785.42 is limited to grievances adjusted during an employee's regular shift," which was the policy of the defendant in that case).

   3. <u>Proper Deduction of Compensation Pursuant to the FLSA and the Rockland County Police Act</u>

The question that remains is whether the deduction of pay during the time that Plaintiff attended her hearing during her regular work shift, regardless of whether that time is considered compensable work under the FLSA, was otherwise authorized by the regulations outlining exceptions to the prohibition against deductions from pay of a salary-basis

employee.[3]  29 C.F.R. § 541.602(b)(5).  In order to determine whether the regulation applies, however, the Court must first determine whether, as Defendant insists and Plaintiff disputes, Plaintiff was considered to be employed on a "salary basis." Id. § 541.602(a).

i. Plaintiff's Status as a Salary-Basis Employee

29 C.F.R. § 541.602(a) sets out that an employee is employed on a salary basis if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." Plaintiff and Defendant disagree as to whether Plaintiff was in fact paid on a salary basis. (See Def. 56.1 Stmt ¶ 14; Pl. 56.1 Resp. ¶ 14; Def. Memo at 11 & n.4; Plaintiff's Reply Memorandum

---

[3]  Although Defendant insists that it did not deduct Plaintiff's wages during the dates she attended the disciplinary hearing because vacation days were docked instead, (Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, and in Support of Defendant's Motion for Summary Judgment, Apr. 9, 2010 [dkt. no. 39] ("Def. Memo") at 15), the Court finds the distinction immaterial for these purposes and agrees with Judge Robinson that the Town has not provided authority to support that "an employer can circumvent the FLSA by slicing and dicing an employee's compensation as it sees fit and with impunity." (Opinion at 6.)  Defendant's own argument, discussed in text, infra, appears to acknowledge the distinction for these purposes is only in name.  (Def. Memo at 16 ("[T]he Town was entitled to suspend Plaintiff without pay throughout the entire pendency of her disciplinary hearing.  Thus, the Town's decision to dock Plaintiff's accrued vacation leave . . . was permissible.") (citations omitted).)

of Law, Apr. 23, 2010 [dkt. no. 35] ("Pl. Reply") at 7-8; Defendant's Reply Memorandum of Law, May 7, 2010 [dkt. no. 43] ("Def. Reply") at 2-5.)  The Court agrees with Defendant that there is no material issue of fact underlying the parties' disagreement and that the determination is a matter of law. (Def. Memo at 11 n.4.)

Plaintiff argues that she is not paid on a salary basis because:  1) her pay stub indicates the number of hours she works, 2) the CBA establishes an hourly rate of pay with an annual base amount for an established number of hours required to be worked, and 3) she has a rotating work schedule as compared to the Chief of Police and others who are not required to work at specific times.  (See Pl. Reply at 7-8.)  Defendant argues that these concerns are either irrelevant under the salary basis test set forth by the regulations or foreclosed by other federal regulations or law.  (Def. Reply at 2-3.)

The "salary-basis test" has been established by the Supreme Court in Auer v. Robbins, 519 U.S. 452 (1997), to guide courts in the determination of whether an employee is subject to the pertinent regulations.  The Auer Court determined that an employee will be found to not have salaried status if "his compensation may 'as a practical matter' be adjusted in ways inconsistent with" the regulation (i.e., subject to reduction because of variations in the quality or quantity of the work

performed). Id. at 454. Thus, as long as an employee is paid on a regular basis a predetermined amount, the only question as to her salaried status is whether or not her pay can be reduced due to the quality or quantity of work performed.

The Court finds that Plaintiff was and is paid on a salary basis. Plaintiff does not dispute that she is paid a predetermined salary on a bi-weekly basis as established by Defendant. (Def. Stmt. 56.1 ¶ 14; Declaration of Captain Robert Zimmerman, Apr. 9, 2010 [dkt. no. 38] ("Zimmerman Decl.") ¶¶ 4-6.) Indeed, she admits that the CBA sets out an annual base compensation for the required annual hours required to be worked. (Pl. Reply at 7.) Interestingly, Plaintiff included several excerpts from the CBA that mention overtime—which does not preclude the conclusion that she is a salaried employee, see Wright v. Aargo Sec. Servs., Inc., 2001 WL 91705, at *5 (S.D.N.Y. Feb. 2, 2001) ("[C]ourts have consistently held that an employee's receipt of additional amounts, including overtime, above his predetermined base compensation does not destroy the employee's otherwise valid salary status.") (citations omitted)—but failed to include the page on which the salary schedule for each police grade is set out, (see Reply Declaration of Kevin Nulty, May 7, 2010 [dkt no. 42] ("Nulty Reply Decl."), Ex. B). This schedule clearly shows that Plaintiff was paid an annual salary, not an hourly rate.

Although Plaintiff provided her paystubs to support her claim that she is paid on an hourly basis, (Declaration of Lt. Lorraine Wetzel, Apr. 23, 2010 [dkt. no. 35-1] ("Wetzel Reply Decl."), Ex. 3), these two examples do not show that she was deducted pay for the quality or quantity of hours worked. Instead, they show that personal and sick time was being tracked for administrative purposes and that Plaintiff was paid the same amount in each pay period regardless of the hours she actually worked. Further, as Defendant points out, she was paid during the time she attended the hearing, by marking those days as vacation days. (Nulty Reply Decl. ¶¶ 3-5 & Ex. A.) This indicates that whether or not Plaintiff actually works during a pay period, she receives the same amount in each pay check.

Plaintiff insists that she is an hourly employee because of the "Town's pay practices," namely that if an officer has no time accruals at the end of the year, "the officer is told that he or she will not be paid for the hours not worked" and that "Captain Zimmerman has directed that the officers be told this." (Wetzel Reply Decl. ¶ 7.) Firstly, the Court notes that aside from this hearsay statement in Plaintiff's declaration, she has produced no extrinsic evidence of this policy or evidence that such a deduction has ever actually occurred. However, even assuming that this is in fact the practice, it still does not destroy Plaintiff's salaried status. As Defendant has pointed

13

out, the FLSA includes deductions for this reason—exhaustion of leave allowance—as an exception to the "prohibition against deductions from pay in the salary basis requirement."  29 C.F.R § 541.602(b)(2).  Additionally, 29 C.F.R. § 541.710(a) makes clear that an employee of a public agency who "otherwise meets the salary basis requirements of § 541.602 shall not be disqualified from exemption" because he or she is paid according to a public accountability policy "which requires the public agency employee's pay to be reduced" because "accrued leave has been exhausted."  These end-of-year adjustments in pay are not consistent with those of true hourly employees whose payroll-to-payroll earnings are subject to alteration.  Thus, since Plaintiff has shown no evidence of a "significant likelihood" of a deduction that is not sanctioned by the FLSA for salaried employees, Auer, 519 U.S. at 461, Plaintiff has not established that she is an hourly employee.

      ii. Deduction from Pay Pursuant to the Rockland
        County Police Act Disciplinary Policy

  Because Plaintiff is a salaried employee under the FLSA, the Court finds that the deduction in pay in the form of docked vacation days for the time she spent at the disciplinary hearing was authorized by the FLSA and the Rockland County Police Act.  Under 29 C.F.R. § 541.602(b)(5), one authorized deduction from the pay of a salaried employee is a deduction "made for unpaid

14

disciplinary suspensions of one or more full days imposed in good faith for infractions of workplace conduct rules . . . [which] must be imposed pursuant to a written policy applicable to all employees." The Rockland County Police Act, a written policy applicable to all employees of police departments in Rockland county, states that a town "shall have the power to suspend, without pay, pending the trial of charges, any member of such police department." Rockland County Police Act § 7 (L. 1936, ch. 526) (attached as Ex. E to Declaration of Lance Klein, April 9, 2010 [dkt. no. 37] ("Klein Decl.")). If the officer is not convicted of the charges, that officer shall be reimbursed. (Id.)

The Court does not agree with Plaintiff that docking her vacation days "pre-adjudication" was not authorized under the FLSA. (Pl. Reply at 8-9.) As noted above, for the purposes of these proceedings, the decision of the Town to dock vacation days was tantamount to withholding compensation for those days, i.e., suspending Plaintiff without pay during the hearing. The Court agrees with Defendant that all that the FLSA requires as to suspending employees for disciplinary matters is a "written policy." 29 C.F.R. § 541.602(b)(5); (see Def. Reply at 8-9.) Plaintiff was on notice of the policy that if she did not prevail on the charges, she would lose that time. (See Klein Decl., Ex. A at 1396 (during Plaintiff's hearing, while

15

scheduling further hearing dates, Plaintiff's counsel stated that some of the proposed dates would were not ideal because "[s]he's scheduled to work on" those days, and when asked why that was relevant, counsel noted that "she's going to lose time if she needs to be here").

This policy is logical.  Disciplinary hearings cost the Town the time and expense to hold the hearing and to locate additional employees to be in place to perform the duties that the disciplined employee would normally be fulfilling during her work shift.  (Def. 56.1 Stmt. ¶ 7.)  If the employee is found guilty of the charges, the suspension during the time of the hearing is authorized and may be taken into account by the Town in the context of determining the authorized overall penalty. Rockland County Police Act § 7.

The policy also puts the employee on notice that if he or she wish to stage a defense to the charges, she or she has an incentive to proceed in good faith and proportionately so as to not risk additional days of suspension or time lost during the hearing.  This consideration is particularly relevant in this case, where Plaintiff put on an almost eight-day defense, calling nine witnesses after the Chief of Police rested on the second day of the hearing after calling one witness.  (Def. 56.1 Stmt. ¶ 9.)  The number of days spent at the hearing also appears to be disproportionate relative to the penalties imposed

16

on other officers implicated in the same incident in question. Several other officers accepted the charges without a hearing and were disciplined to five-day and two-day vacation penalties, time periods shorter than Plaintiff's hearing. (Klein Decl. ¶ 10.) The Town has an interest in enacting policies with regards to disciplining employees that allow for formal proceedings before a sanction is imposed in order to promote fairness in the workplace, while also incentivizing all parties to resolve disputes swiftly and efficiently.

Accordingly, the Court finds that Plaintiff is not entitled to the 11 hours of regular wages that she was docked in the form of vacation days.

### 4. Overtime and Meal Allowance

Because the Court interprets 29 C.F.R. § 785.42 to state that the time spent "adjusting grievances," or analogously spent at a disciplinary hearing, is compensable only during the hours that an employee is scheduled to work, see supra Part II.2, the Court concludes that even if Plaintiff were entitled to regular wages under the FLSA she would not be entitled to overtime wages and therefore would not be entitled to the overtime meal allowances.

5. Liquidated Damages

Because Plaintiff is not entitled to regular or overtime wages, Plaintiff is not entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [dkt. no. 34] is DENIED, and Defendant's motion for summary judgment [dkt. no. 36] is GRANTED. The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated:   New York, New York
         March 18, 2013

_____
UNITED STATES DISTRICT JUDGE